## Edwin A. Nevin, Jr., Plff. in Err., *v.* August J. W. Spieckermann et ux.

Although the mere fact of being an officer of a corporation engaged in the publication of a newspaper may not render one liable for a libel published therein, yet, if he was engaged in the general management of the paper, he would be liable if the publication was unjustifiable.

(Decided February 1, 1886.)

Error to the Common Pleas, No. 2, of Philadelphia County to review a judgment for plaintiffs in an action for damages for the publication of a libel. Affirmed.

This action was brought by August J. W. Spieckermann and Fredericka Brandt Spieckermann, his wife, in right of the wife against Edwin H. Nevin, Jr., president of The Evening News Company, a corporation publishing a daily newspaper in the city of Philadelphia. The *narr.* set forth that Fredericka Brandt was a regularly licensed midwife engaged in lawful business in the city of Philadelphia; that The Evening News Company on August 4, 1883, did compose, publish, and cause and procure to be published a libel charging the plaintiff with criminal malpractice, etc.

Upon the trial the defendant submitted to the court the following point:

"Where a newspaper is owned by a corporation, one who is merely an officer in the corporation cannot, for that reason alone, be held responsible individually for a publication made

Cited in Smith v. Utley, 92 Wis. 133, 35 L. R. A. 622, 65 N. W. 744.

Note.—The proprietor or general manager of a newspaper is responsible for a libel published therein, though he has no personal knowledge of the publication. Bruce v. Reed, 104 Pa. 408, 49 Am. Rep. 586; O'Neill v. Kredel, 1 W. N. C. 69; Regensperger v. Kiefer, 20 W. N. C. 97. But this rule does not apply to an individual whose control is limited, such as an assistant editor. Weil v. Nevin, 1 Monaghan (Pa.) 65. Criminal responsibility likewise attaches though the publisher was not aware of the publication. Com. v. Willard, 9 W. N. C. 524; Com. v. Meeser, 1 Brewst. (Pa.) 492. But he may relieve himself by showing that instructions were given to print nothing concerning the prosecutor. Com. v. Rovnianek, 12 Pa. Super. Ct. 86.

See editorial note to Nunnelly v. Southern Iron Co. 28 L. R. A. 427, containing a full presentation of the authorities on the liability of corporate officers for libelous publications made by the corporation.

without his knowledge or direction. Therefore, if the jury believe that The Evening News Company was the sole proprietor and publisher of said newspaper, and the defendant was merely an officer of said corporation, and the publication in question was made without his knowledge, consent, or direction, the verdict should be for the defendant."

But the judge charged, *inter alia,* as follows: "The paper in question was published by a corporation of which Mr. Nevin was an officer. I am not prepared to say to you that his being an officer of the company merely would make him liable for a libelous publication; but if he was engaged in the general management of the paper, he would be liable if the publication was unjustifiable."

There was a verdict and judgment for plaintiffs, and defendant brought error.

*E. Cooper Shapley* (Philadelphia), for plaintiff in error.—
The ground on which the proprietor of a newspaper is held liable is that he is responsible for the acts of the actual publisher, and not on the ground of his being the publisher. Townshend, Slander & Libel, § 123.

Or, his liability proceeds from this,—he puts the instrument for wrongdoing in the hands of the wrongdoer. He may be compared to one who keeps a dangerous animal, and who is bound so to keep it that it does no harm; if harm ensues he must answer for it. Domat, Civil Law, § 1528, and note; Townshend, Slander & Libel, § 123, note.

Where a corporation is the owner and publisher of the newspaper, the president of the corporation is not the proprietor. Certainly he cannot be said to be the actual publisher. The corporation is the party responsible for the acts of the actual publisher. The president ought, therefore, not to be held liable personally.

In the case of a corporation sole, the individual who represents that corporation and the corporation are distinct entities. Townshend, Slander & Libel, § 261.

For an act done by an officer of a corporation, either *in contractu* or *ex delicto,* in the course of its business and of his employment, the corporation is responsible, as an individual is under similar circumstances. Philadelphia, W. & B. R. Co. v. Quigley, 21 How. 202, 16 L. ed. 73.

A mere nominal association with the newspaper in which the libel is published will not create liability. As, if a newspaper establishment be assigned to a person as security for a debt, and the press remains in possession of the assignor, the ownership of the person holding the security is not such as will render him liable to an action as proprietor. Andres v. Wells, 7 Johns. 260, 5 Am. Dec. 267; Townshend, Slander & Libel, § 123, note.

If a man wraps up a newspaper and sends it into another county by a boy, the man who sends the paper is the publisher of it, and not the boy who is ignorant of the contents of the paper, and is an innocent agent in the transaction. Addison, Torts, 982; Rex v. Burdett, 4 Barn. & Ald. 126.

*Francis Rawle* (Philadelphia) and *Walter George Smith,* for defendants in error.—All concerned in publishing the libel, or in procuring it to be published, are equally responsible with the author. If the libel appear in a newspaper, the proprietor, the editor, the printer, and the author are all liable to be sued, either separately or together. Odgers, Libel & Slander, *157; Townshend, Slander & Libel, § 167.

The officers of a corporation aggregate are its ministerial officers, whose function it is to conduct the corporate business for the benefit and under the authority of the corporation. Boone, Corp. § 127.

If any agent or servant be in any way concerned in writing, printing, publishing, or selling a libel, he will be both civilly and criminally liable. That his master or employer ordered him to do so will be no defense; "for the Warrant of no Man, not even of the King himself, can excuse the doing of an illegal Act; for, although the Commanders are trespassers, so are also the Persons who did the Fact." Sands v. Child, 3 Lev. 352; Odgers, Libel & Slander, *359. See Watts v. Fraser, 7 Car. & P. 369; Shepheard v. Whitaker, L. R. 10 C. P. 502; Dunn v. Hall, 1 Ind. 345; Com. v. Willard, 9 W. N. C. 524; Starkie, Slander & Libel, 30, 34; Roscoe, Crim. Ev. 621; Rex v. Gutch, 1 Moody & M. 433.

The pleas of ignorance, even if true, cannot avail the editor-in-chief of a newspaper, for he is conclusively presumed to know everything that appears in the columns of his paper. Townshend, Slander & Libel, § 123, note.

But even this defense, which might serve, perhaps, as an ex-

tenuation of moral turpitude, is swept away by the proof of the reiteration of the libelous charges in the second publication, when, as by his own testimony, it appears that the defendant had been made aware of the whole subject.

PER CURIAM:

The contention here is a very narrow one. The plaintiff in error submitted one point only to the court. It consists, however, of two parts. The court substantially affirmed the point, but added a qualification to which no just exception can be taken. The case was one for the jury, and was submitted to it in a correct charge.

Judgment affirmed.